**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ANDRE JACOBS,                                        }
                                                     }
                    Plaintiff,                       }
                                                     }   No. 04-1366
           vs.                                       }   Judge Conti
                                                     }
PENNSYLVANIA DEPARTMENT OF                           }
CORRECTIONS, JEFFREY A. BEARD, et al.,               }
                                                     }   *Electronically Filed.*
                    Defendants.                      }

**CORRECTIONS DEFENDANTS'**
**BRIEF IN SUPPORT OF MOTION IN LIMINE**

This is a brief in support of the Corrections Defendants' motion *in limine*:

The Corrections Defendants do not intend to refer to or to utilize Plaintiff's criminal record (whatever it may be) in any way shape or means, including impeachment of credibility, unless Plaintiff would misrepresent himself as not having a criminal conviction or get into it in some improper manner that would require clarification to prevent a fraud on the tribunal. Otherwise it is a closed subject. Prejudice outweighs probative worth plainly.

Similarly, it is the Corrections Defendants' intention to limit this trial to the matters presented in the Complaint regarding the allegations of retaliation, access to courts and conspiracy related to the seizure of documents from Inmate Eric Lyons, the search of the Plaintiff's cell and events incidental thereto which occurred in the Long Term Segregation Unit at the State Correctional Institution at Pittsburgh on September 15 and 16, 2003. Accordingly, the Corrections Defendants do not intend to offer evidence of Plaintiff's criminal history, prior prison misconducts, prison adjustment record and/or prior and pending litigation against the Department of Corrections, etc. as part of its defense of this case, unless such evidence becomes directly probative of or relevant to the issues to be tried in this case.

Consequently, the Corrections Defendants believe that Plaintiff should correspondingly limit his case to the claims of his Complaint, *i.e.*, that on September 15 and 16, 2003, pursuant to a conspiracy entered into by the Defendants, he was subjected to retaliatory actions and denied access to courts, and that evidence of all extraneous matters identified in Plaintiff's Pretrial Narrative Statement should be excluded as irrelevant to the issues to be tried in this case. See Pa.R.E. 404. This would include:

a. Any reference to, presentation of evidence on or discussion beyond the pertinent allegations of this case of any "conspiracy to cover up a wide range of illegal activities by the prison guards, including, but not limited to, a culture of intimidation, intimidation of witnesses, brutality, routine destruction of personal and legal property, retaliation, and fabrication of official business records by the Pennsylvania Department of Corrections ("DOC"), under Defendant Beard's encouragement and approval."

b. Any reference to or evidence relating to Legal Theories (j), (k), (l) and (m), as identified in Plaintiff's Pretrial Narrative Statement.

c. Any reference to or evidence of any alleged practice or custom of punishing and retaliating against prisoners beyond the particular details of this case.

d. Any specific reference to or evidence of Grievances and/or Complaints filed by Plaintiff that are not related to the allegations raised against the Defendants which allegedly occurred on September 15 and 16, 2003, in the Long Term Segregation Unit at the State Correctional Institution at Pittsburgh.

e. Any reference to any claim for defamation of character as related in Legal Theory (e) as identified in Plaintiff's Pretrial Narrative Statement because no such cause of action is recognized under Section 1983 and, in any event, all Corrections Defendants would be entitled to sovereign immunity against such a claim under state law. See, e.g., Yakowicz v. McDermott, 548 A.2d 1330 (Pa. Cmwlth. 1988), *appeal denied*, 565 A.2d 1168 (Pa. 1989); LaFrankie v. Miklich, 170, 618 A.2d 1145, 1149 (Pa.Cmwlth. 1992). Cf. Wilson v. Marrow, 917 A.2d 357, 364-365 (Pa.Cmwlth. 2007)("defamation is an intentional tort, and Appellees, acting within the scope of the duties, are protected by sovereign immunity from the imposition of liability for intentional

torts")(citing Pickering v. Sacavage, 642 A.2d 555 (Pa.Cmwlth. 1994)).  See also Brown v. Blaine, 833 A.2d 1166, 1172-1173 (Pa.Cmwlth. 2003).

Indeed, the foregoing evidence is not relevant to any issue in this case, which should be limited to the Plaintiff's allegations of retaliation, access to courts and conspiracy specifically related to the seizure of documents from Inmate Eric Lyons, the search of the Plaintiff's cell and events incidental thereto which occurred in the Long Term Segregation Unit at the State Correctional Institution at Pittsburgh on September 15 and 16, 2003.  See Fed. R.Evid.401, 402, 404.

With respect to the proffered inmate witnesses, Plaintiff has not identified the sum or substance of their respective testimony.  Nevertheless, the relevance of the testimony of both Inmate Eric Lyons and Inmate Gary Banks can be inferred from Plaintiff's Pretrial Narrative Statement and –provided their testimony is limited to the relevant issues in this case– no objection is interposed to their appearance at trial.  However, Plaintiff has not made a sufficient offer of proof regarding Inmate Purcelle Bronson; therefore, his testimony should be excluded. Moreover, Bronson's testimony would be cumulative of the testimony that Plaintiff would offer through his own testimony and should be excluded for this additional reason.

Notwithstanding the foregoing, the testimony of all inmate witnesses regarding any prior or subsequent acts of the Corrections Defendants –or of any other corrections officer– is simply not relevant to the issues to be resolved in this litigation, i.e., whether these Corrections Defendants retaliated against Plaintiff on September 15 and 16, 2003, as part of an unlawful conspiracy to violate Plaintiff's rights and to deny him access to courts.  See Fed.R.Evid. 404. Cf. Brinich v. Jencka, 757 A.2d 388 (Pa. Super. 2000)(evidence of general contractor's prior acts of business misconduct were not relevant, even if true, to issue being tried).

Likewise, Plaintiff's accounts of his prior and/or subsequent experiences in the prison system are also irrelevant and immaterial and unduly prejudicial. Fed.R. Evid. 402 and 403. This case is not about what this or other inmates claim they suffered on other occasions, or earlier or later events involving this plaintiff and other corrections officers (which may also be the subject of ongoing litigation), or plaintiff's own subsequent bad acts, etc. Rather, this case is about the events which occurred on September 15 and 16, 2003 in the Long Term Segregation Unit at the State Correctional Institution at Pittsburgh involving Plaintiff and the Corrections Defendants. All other matters identified, suggested or alluded to in Plaintiff's Pretrial Narrative Statement are simply not relevant and should be excluded from this trial.

Plaintiff has identified a number of exhibits in his pretrial statement. The Corrections Defendants recognize and concede the relevance and admissibility of a number of these exhibits, particularly, any grievances, misconducts, inmate request slips and other correspondence specifically related to and/or arising from the events of September 15 and 16, 2003, which underlie the present action. However, the Corrections Defendants specifically object to Plaintiff's exhibits designated (a) The Legal Aid Briefcase article; (l) Report to the PA Department of Corrections, by Justic & Mercy, dated July 23, 2004; (m) Form DC-135A Inmate Request to Staff from Lt. Kremposky, dated February 22, 2007; (q) letters from attorneys regarding their refusal to accept Plaintiffs cases (above) for representation; (r) 18 PA.C.S.A. §5123 and (s) Job descriptions of all defendants.

Particularly, exhibits (a), (l), (m) and (q) are quite clearly hearsay under the Federal Rules of Evidence, for which Plaintiff has provided no applicable exception there under. See Fed. R.Evid. 801 *et seq.* Further, Plaintiff has not identified the relevance of all such proposed exhibits to the issues to be tried in this case. Accordingly, the Corrections Defendants

respectfully request that Plaintiff be precluded from introducing or referencing the foregoing exhibits [(a), (l), (m), (q), (r) and (s)] as identified in his pretrial statement.

Additionally, to the extent that Plaintiff has identified various grievances he has filed against the DOC and various DOC personnel as evidence of his protected activity with respect to his retaliation claim, the Corrections Defendants request that this evidence be limited to the fact that a grievance was filed and that no evidence be offered to the jury regarding the subject matter of that grievance, because it is the inmate's "ability to file grievances and lawsuits against prison officials" in "exercising [the] right to petition for redress of grievances" that is protected by the First Amendment. See Williams v. Sebek, 2008 WL 859006, *7 (W.D.Pa. 2008). Accordingly, unless the subject matter of a particular grievance is related to other triable issues in the case, the content of that particular grievance is not relevant to Plaintiff's present claim of retaliation and should therefore be omitted from the jury's consideration.

Plaintiff has also designated portions of several deposition transcripts from an unrelated case [Jacobs vs. Durco, C.A.No. 04-1941-JFC (W.D.Pa.)] and indicated that he "may use any of the following deposition excerpts" in his case. The Corrections Defendants object to the introduction or reference to deposition transcripts from other unrelated cases. Initially, Plaintiff has not satisfied the requirements of Fed. R.Civ. P. 32 regarding the use of depositions at trial. Particularly, none of the party defendants in this case "were present or represented at the taking of the deposition(s)" in the Durco case, nor "had reasonable notice of" said depositions. See Fed. R.Civ. P. 32(a)(1)(A). Moreover, as the proponent of such evidence, Plaintiff has not demonstrated that their "use is allowed by Rule 32(a)(2) through (8). See Fed. R.Civ. P. 32(a)(1)(C). Finally, this evidence is hearsay not subject to any recognized exception under the Federal Rule of Evidence. See, e.g., Fed.R. Evid. 804(b)(1).

WHEREFORE, the Corrections Defendant respectfully requests that the Court grant the foregoing Motion *in Limine*.

Respectfully submitted,

THOMAS W. CORBETT, JR.
Attorney General

s/ Scott A. Bradley

| | |
|---|---|
| Office of Attorney General | Scott A. Bradley |
| 6th Floor, Manor Complex | Senior Deputy Attorney General |
| 564 Forbes Avenue | Attorney I.D. No. 44627 |
| Pittsburgh, PA 15219 | |
| Phone: (412) 565-3586 | Susan J. Forney |
| Fax:    (412) 565-3019 | Chief Deputy Attorney General |

Date:  October 2, 2008