**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDRE JACOBS, | } |
| | } |
| Plaintiff, | } |
| | } No. 04-1366 |
| vs. | } Judge Conti |
| | } |
| PENNSYLVANIA DEPARTMENT OF | } |
| CORRECTIONS, JEFFREY A. BEARD, et al., | } |
| | } *Electronically Filed.* |
| Defendants. | } |

**CORRECTIONS DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

AND NOW, come the Defendants, McConnell, Scire, Giddens, Lynch, Bittner, Simpson, Ressing, Ferson, Mankey, Stickman, Cherico, McCoy and Beard ("the Corrections Defendants"), by their attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, respectfully suggest the following proposed jury instructions[1]:

**I. SUMMARY OF CAUSE OF ACTION**

This cause of action is brought by the Plaintiff, Mr. Andre Jacobs, an inmate housed in the state correctional prison system. Mr. Jacobs alleges that his constitutional rights were violated. Specifically, he alleges that as a result of the seizure of legal documents belonging to him from Inmate Eric Lyons on September 15, 2003, and as a result of the seizure of legal documents following the search of the Plaintiff's cell on

---

[1] In an attempt to present a collaborative proposal to the Court, the Plaintiff forwarded his proposed jury instructions (which are appended hereto as Attachment A) to counsel for the Corrections Defendants. However, the Plaintiff's proposed jury instructions were not received by counsel for the Corrections Defendants until September 29, 2008; thus, there was insufficient time to exchange proposals between the parties. Nevertheless, in an effort to execute this endeavor as efficiently as possible, counsel for the Corrections Defendants has used the Plaintiff's proposed jury instructions as a starting point and indicated assent where appropriate and objections and counter proposals as necessary.

September 16, 2003, the Defendants retaliated against him for filing grievances and complaints regarding the conditions of his confinement and denied him access to the courts. The Plaintiff further alleges that all of the Defendants engaged in a conspiracy to deprive him of his federal constitutional rights in this regard.

The Defendants deny that the Plaintiffs rights were violated by their actions, and they also deny that they conspired to deprive the Plaintiff of any federal constitutional rights.

## II.   PLAINTIFF'S PROPOSED INSTRUCTIONS

### A.   ACCESS TO COURTS

The Corrections Defendants object to the proposal submitted by the Plaintiff and offer the following alternative:

> In this case, Plaintiff claims that the Defendants intentionally denied him meaningful access to the courts. Plaintiff says that Defendants did this by confiscating and/or destroying Plaintiff's legal property.
>
> With respect to the concept of "access to courts," the Constitution gives all of us the right to go to court when we have disputes with others. People who are in prison also have a right of "access to courts." This means that a prisoner is entitled to get meaningful help in preparing and/or filing his lawsuit. This also means that corrections officials cannot affirmatively interfere with a prisoner's efforts to litigate a case.
>
> To succeed in his claim of denial of access to court, Plaintiff must prove each of the following things by a preponderance of the evidence:
>
> 1.   Defendant intentionally and unlawfully confiscated or destroyed Plaintiff's legal property;
>
> 2. Defendant acted "under color of law." This means that a person performs, or claims to perform, official duties under any state, county, or municipal law, ordinance, or regulation;
>
> 3. Defendant's conduct hindered Plaintiff's efforts to pursue a meritorious legal claim;

2

4. The legal claim which Plaintiff wanted to bring to court was not frivolous. A claim is frivolous if it is so trivial that there is no chance it would succeed in court or be settled out of court after it was filed;

5. Plaintiff was harmed by Defendant's conduct.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

Instruction based on Christopher v. Harbury, 536 U.S. 403 (2002) and Lewis v. Casey, 518 U.S. 343, 351 (1996).

## B.     RETALIATION

The Corrections Defendants object to the proposal submitted by the Plaintiff and offer the following alternative:

The plaintiff brings a claim for retaliation under the First Amendment to the Constitution of the United States.  Retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution.  To establish a claim for retaliation for the exercise of First Amendment rights under the First Amendment, the plaintiff must show by a preponderance of evidence that:

1.  Plaintiff's conduct which led to the alleged retaliation was constitutionally protected;

2.  Plaintiff was subjected to adverse action or actions by a state actor (here, plaintiff alleges that prison officials subjected him to adverse actions) that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and

3.   There was a causal link between the exercise of his constitutional rights and the adverse action or actions taken against him –that is, the protected activity was a substantial

3

motivating factor in the state actor's decision to take the adverse action.

As to the first element, prisoners have a protected First Amendment right to file a grievance report against a prison official and to file a lawsuit against a prison official.

As to the second element, a prisoner litigating a retaliation claim must show that he suffered some "adverse action" at the hands of the defendant(s). First, the defendant(s) were state actors at the time of the events involved in this lawsuit. Second, a prisoner-plaintiff will satisfy the second element that he was subjected to adverse actions by state actor(s) if plaintiff demonstrates that the action in question was sufficient to deter a person of ordinary firmness from exercising his constitutional rights.

As to the third element, a prisoner-plaintiff must prove a causal link between the exercise of his constitutional rights and the adverse action taken against him. To meet this burden, plaintiff must first prove that his constitutionally protected conduct was a "substantial or motivating factor" in the decision to take adverse action against him. In order to prove the plaintiff's protected activity was a "substantial or motivating factor" in the defendant(s) decision to take adverse action against plaintiff, the plaintiff does not have to prove that his protected activities were the only reason the defendant(s) took actions against him. It is sufficient if the plaintiff proves that his protected activities were substantial motivating factors in relation to some or all of the allegedly retaliatory acts.

Instruction based on Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 112 (3d Cir. 1990).

## C.   CONSPIRACY

The Corrections Defendants object to the proposal submitted by the Plaintiff because the Plaintiff has not alleged all necessary elements of such a cause of action. Specifically, the Plaintiff has not alleged that the purported conspiracy in which the Corrections Defendants engaged was predicated on race or some other invidious classification.

4

**D.      CRUEL AND UNUSUAL PUNISHMENT**

The Corrections Defendants object to the proposal submitted by the Plaintiff because (1) the Third Circuit has not recognized a cause of action under the Eighth Amendment for the nature and type of conduct alleged herein and (2) pursuant to the explicit source rule,[2] the Plaintiff's claims arise under –and therefore must be evaluated under– the First Amendment.

**E.      EQUAL PROTECTION**

The Corrections Defendants object to the proposal submitted by the Plaintiff because the Plaintiff has not alleged all necessary elements of such a cause of action. Indeed, "[t]he Equal Protection Clause guarantees, in its concern for equality, that people who are similarly situated will be treated similarly." Foxworth v. Pennsylvania State Police, 402 F.Supp.2d 523, 546 (E.D.Pa. 2005)(citing Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985)). Traditionally, courts have permitted equal protection suits where an individual alleges that differential treatment by government was based on an invidious category such as race, gender or religion. Id. However, the Plaintiff has made no claim in this case that any action of any defendant was motivated by his race, gender or religion, or by any other invidious classification. Indeed, to the contrary, the Plaintiff has asserted that the defendants in this case have acted in retaliation for grievances and complaints he has filed against the defendants.

---

[2] See Albright v. Oliver, 510 U.S. 266, 273 (1994)("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process,' must be the guide for analyzing these claims")(citing Graham v. Conner, 490 U.S. 386, 395 (1989)). See also Torres v. McLaughlin, 163 F.3d 169, 172 (3d Cir. 1998).

## F.      ACCESS TO LEGAL ASSISTANCE

The Corrections Defendants object to the proposal submitted by the Plaintiff because the topic area is adequately covered by the proposed instruction regarding Access to Courts.  Moreover, there is no recognized freestanding right to access to courts with respect to the government's provision of legal service and/or assistance to inmates. See Lewis v. Casey, 518 U.S. 343, 351 (1996)("[b]ecause Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense").  See also Jones v. Schouppe, 2008 WL 163049, * (W.D.Pa. 2008); Annis v. Fayette County Jail, 2008 WL 763735, *6 n.1 (W.D.Pa. 2008).

Finally, neither the Plaintiff's complaint in this matter –as amended– nor his Pretrial Narrative Statement identifies any claim of access to courts independent of his claim that he was denied access to courts by Corrections Defendants Cherico and Giddens in connection with the confiscation of the Plaintiff's legal documents from Inmate Lyons on September 15, 2003 and by Corrections Defendants Cherico and Giddens in connection with the confiscation of the Plaintiff's legal documents following a search of the Plaintiff's cell on September 16, 2003.

## G.      PRISON DISCIPLINARY PROCEEDINGS

The Corrections Defendants object to the proposal submitted by the Plaintiff because he cannot demonstrate a protectable liberty interest in the confinement that resulted from the disciplinary sanction imposed in this case.  See, e.g., Pressley v. Blaine, 544 F.Supp.2d 446 (W.D.Pa. 2008)(disciplinary confinement of inmate for an aggregate

of 1080 days did not constitute an atypical and significant hardship sufficient to trigger a protected liberty interest)(citing Sandin v. Conner, 515 U.S. 472 (1995)).

## H.    DAMAGES

The Corrections Defendants object to the proposal submitted by the Plaintiff as confusing and incomplete; the Corrections Defendants offer the following alternative:

If you find that any of the defendants have violated the Plaintiff's rights, then you may consider the issue of damages.

> Simply because you are charged with respect to the damages, which are theoretically recoverable in any lawsuit, it does not imply that the Plaintiff is entitled to any damages or that you should find in his favor with respect to the liability of the defendants. If you find in your deliberations that none of the defendants is liable to the Plaintiff, then you need not even consider the questions of damages.
>
> The purpose of money damages for deprivation of civil rights is to compensate a person for injuries caused by the deprivation. The amount of compensatory damages that may be awarded to Plaintiff must be limited solely to the injury sustained as a direct result of the Defendants' actions and not for any injury or condition that Plaintiff suffered from prior or subsequent to his encounter with Defendants or from his own actions. See Carey v. Piphus, 435 U.S. 248 (1978).
>
> Unless you first find that the plaintiff suffered actual physical injury as a result of the actions of the defendant in this case that violated his right to be free from cruel and unusual punishment under the Eighth Amendment, as I have previously explained that to you, you are not permitted to consider whether to award the plaintiff any compensatory damages for mental or emotional injury alone. The law does not allow the plaintiff to recover money damages for mental or emotional injury that he might have suffered in this kind of case unless he was first proven to your satisfaction by a preponderance of the evidence that he has suffered prior physical injury. 42 U.S.C. § 1997e(e), Zehner v. Trigg, 133 F.3d 459 (7th Cir. 1997); Fontroy v. Owens, 150 F.3d 239 (3d Cir. 1998); Allah v. Al-Hafeez, 226 F.3d 247 (3d Cir. 2000).
>
> In a civil rights case such as the present one, you cannot award damages measured by your perception of the abstract importance or value of a constitutional right. To be awarded damages, the Plaintiff must prove a need for compensation by showing actual injury. See Memphis

7

Community School District v. Stachura, 477 U.S. 299, 309-10 (1986); Federal Jury Practice and Instructions, § 103.13.

Nominal damages are permitted under Section 1983. See Farrar v. Hobby, 506 U.S. 103, 112 (1992). Nominal damages may be awarded when no actual injury of any consequence is established to make the symbolic point that the plaintiff was wronged and that society demands that constitutional rights be scrupulously observed. See Carey, 435 U.S. at 266-67.

Plaintiff is seeking what is known as "punitive damages". Punitive damages are an award of money to the Plaintiff, which has as its purpose to punish a defendant for extraordinary misconduct and to deter a defendant from repeating such conduct and in addition to serve as a warning to others and to prevent others from committing such conduct. If you find that a Defendant is liable for violating Plaintiff's rights, then you may, but you do not have to, award punitive damages. You may award punitive damages only if the Plaintiff proves by a preponderance of the evidence that the Defendant's conduct was "recklessly and callously indifferent" to Plaintiff's rights under the Constitution of the United States.

However, even if the Plaintiff proves by a preponderance of the evidence that the Defendants' conduct was recklessly and callously indifferent to his rights under the Constitution or the Act, you are still not required to award punitive damages, you must also determine whether the Defendant's conduct is of the sort that calls for deterrence and punishment. If you find that the Plaintiff has proven by a preponderance of the evidence that a Defendant was recklessly and callously indifferent to his rights and also that the Defendant's conduct was of the sort that calls for deterrence and punishment, then you may decide to award punitive damages. Punitive damages may be awarded even if the violation of the Plaintiff's rights resulted only in nominal damages. In determining the amount of those punitive damages, you should take into consideration all of the circumstances surrounding the particular occurrence, including the nature of the wrongdoing, the extent of the harm inflicted, the intent of the Defendant and the wealth or lack of wealth of the Defendant. Punitive damages must be considered with respect to each defendant individually and based upon that Defendant's individual actions.

Punitive damages must be considered with respect to each defendant individually and based upon that defendant's actions.

Instruction also based in part on *Third Circuit Model Civil Jury Instructions*, 4.8 Section

1983 – Damages.

8

## I.   STANDARD INSTRUCTION FOR (DEFAMATION OF CHARACTER.)

*(No instruction included by the Plaintiff).*

The Corrections Defendants object to any instruction on defamation of character because no such cause of action is recognized under Section 1983 and, in any event, all Corrections Defendants would be entitled to sovereign immunity against such a claim under state law.  See, e.g., Yakowicz v. McDermott, 548 A.2d 1330 (Pa. Cmwlth. 1988), *appeal denied*, 565 A.2d 1168 (Pa. 1989); La Frankie v. Miklich  170, 618 A.2d 1145, 1149 (Pa.Cmwlth. 1992).  Cf. Wilson v. Marrow, 917 A.2d 357, 364-365 (Pa.Cmwlth. 2007)("defamation is an intentional tort, and Appellees, acting within the scope of the duties, are protected by sovereign immunity from the imposition of liability for intentional torts")(citing Pickering v. Sacavage, 642 A.2d 555 (Pa.Cmwlth. 1994)).  See also Brown v. Blaine, 833 A.2d 1166, 1172-1173 (Pa.Cmwlth. 2003).

## J.   POLICIES, CUSTOMS AND PRACTICES

The Corrections Defendants object to the proposal submitted by the Plaintiff because it is not a complete and accurate statement of the applicable law; the Corrections Defendants offer the following alternative:

> There are 13 defendants in this case.  They are: McConnell, Scire, Giddens, Lynch, Bittner, Simpson, Ressing, Ferson, Mankey, Stickman, Cherico, McCoy and Beard.  It does not necessarily follow that, if one is liable, then another one is also liable.  Each defendant is entitled to fair consideration of his or her own defense and is not to be prejudiced by the fact, if it should even become a fact, that you find against another defendant.
>
> To be held liable for violating any of plaintiff's civil rights, each defendant must have been personally involved in the wrongful conduct. Evancho v. Fisher, 423 F.3d 347 (3d Cir. 2005); Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988).

9

Defendants Beard and Stickman were employed in a supervisory capacity. When a prison supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). The supervisory officials' misconduct cannot be simply a failure to act. Id.; Commonwealth of Pennsylvania v. Porter, 659 F.2d 306, 336 (3d Cir. 1981), cert. denied, 5458 U.S. 1121 (1982). Further, although a supervisor cannot encourage constitutional violations, a supervisor has no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct. Id.; Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 111 S.Ct. 2827 (1991).

The supervisor must be personally involved in the alleged misconduct. Rode, 845 F.2d at 1207. To impose liability on a supervisory official there must be both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. Colburn v. Upper Darby Township, 838 F.2d 663 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989). The fact that the supervisor is the subordinate's boss cannot be the only basis for a finding of personal involvement in this case. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Rizzo v. Goode, 423 U.S. 362 (1976) (section 1983 liability cannot be predicated solely on *respondeat superior*).

Instruction also based in part on *Third Circuit Model Civil Jury Instructions*, 4.6.1

Section 1983 – Supervisory Officials.

## K.   MISSING EVIDENCE

Provided an appropriate foundation for such a charge can be established, the Corrections Defendants have no objection to such an instruction. However, the Corrections Defendants would proffer the suggested charge from the Federal Jury Practice And Instructions which follows:

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

Instruction based on  Federal Jury Practice And Instructions, § 104.26.

10

### III.  ADDITIONAL PROPOSED INSTRUCTIONS

The Corrections Defendants offer the following additional instructions for the Court's

consideration:

### A.  GENERAL INSTRUCTIONS

In deciding the issues of fact submitted to you, it is your duty, ladies and gentlemen, to follow these instructions.  In doing so, you must take into consideration all of the instructions I have given you and not pick out any particular instruction and disregard another one.  Your duty is to determine the facts from the evidence that has been produced in open court.  You are to apply the facts as you find them to the law that I am giving you, and neither sympathy nor prejudice should influence you in any way.  Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

It is a principle of our system of justice that all persons stand equally before the law. You know that the Plaintiff is incarcerated. Even though he is incarcerated, he retains certain constitutional rights, as I will explain to you. You must not let your decision be influenced solely by the facts that he has previously been convicted of criminal conduct and is incarcerated.

In this case several corrections officers have testified as witnesses. A corrections officer who takes the witness stand subjects his testimony to the same examination and tests that any other witness does and you should not believe or disbelieve a witness merely because he is a corrections officer. His or her testimony should be weighed just like any other witness.

Simply because the plaintiff has filed a complaint, alleging that his constitutional rights were violated, does not establish any liability on the part of the defendants, nor can the filing of the complaint be considered as evidence against the defendant.  Cf. Taylor v. Cmwlth of Kentucky, 436 U.S. 478 (1978)(indictment is not evidence of guilt).

There are several defendants in this action.  It does not necessarily follow that, if one is liable, then the others are also liable.  Each defendant is entitled to a fair consideration of his or her own defense and is not to be prejudiced by the fact, (if it should even become a fact), that you find against another defendant.

11

## B.   CREDIBILITY/DISCREPENCIES IN TESTIMONY

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.  In deciding what to believe, you may consider a number of factors, including the following:

> 1.  the opportunity of the witness to see or hear or know of the things the witness testifies to;
>
> 2.  the quality of the witness' understanding and memory;
>
> 3.  the witness' manner while testifying;
>
> 4.  whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;
>
> 5.   whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;
>
> 6.   how reasonable the witness' testimony is when considered in the light of other evidence that you believe; and
>
> 7.  any other factors that bear on believability.

Instruction based on *Third Circuit Model Civil Jury Instructions*, 1.7 Preliminary

Instructions-Credibility of Witnesses.

## C.   BURDEN OF PROOF

This is a civil case, Plaintiff is the party who brought this lawsuit.  The Defendants are the parties against whom the lawsuit was filed.  Plaintiff has the burden of proving his case by what is called the preponderance of the evidence.  That means Plaintiff has to prove to you, in light of all the evidence, that what he claims is more likely than not.  To say it differently, if you were to put the evidence favorable to Plaintiff and the evidence favorable to the Defendants on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on his side.  If Plaintiff fails to meet this burden, the verdict must be for the Defendants.  If you find after considering all of the evidence that a claim or fact is more likely so than not, then the claim has or fact has been proven by a preponderance of the evidence.

12

In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Instruction based on *Third Circuit Model Civil Jury Instructions*, 1.10 Preliminary

Instructions – Preponderance of the Evidence.

### D.  THE CIVIL RIGHTS ACT—SECTION 1983

The Plaintiff's claims are brought pursuant to Section 1983 of the Civil Rights Act.  You are instructed that the federal civil rights statute under which the plaintiff sues, 42 United States Code Section 1983, provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges or immunities secured or protected by the Constitution or laws of the United States.

In order to prove his claim, therefore, the plaintiff must prove by a preponderance of the evidence the following facts:

> *First*, that each defendant intentionally committed acts which violated one or more of the Plaintiff's federal constitutional rights.
>
> *Second*, that in so doing, each defendant acted under color of the authority of the Commonwealth of Pennsylvania.
>
> And *third*, that the acts of each defendant were the proximate or legal cause of damages sustained by the Plaintiff.

Instruction based on *Third Circuit Model Civil Jury Instructions*, 4.1 Section 1983

Introductory Instruction, 4.3 Section 1983 – Elements of Claim, 4.4 Section 1983 –

Action under Color of State Law and 4.5 Section 1983 – Deprivation of a Federal Right.

### E.  PROXIMATE CAUSE

> The Plaintiff must prove by a preponderance of the evidence that the defendant(s)'s acts were the proximate cause of the deprivation of the plaintiff's constitutional

13

right to be free from retaliation for exercising his First Amendment rights. Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendant(s) and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant(s)'s act or omission. If an injury was a direct result or a reasonably probable consequence of the defendant(s)'s act or omission, it was proximately caused by such act or omission. In other words, if the defendant(s)'s act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

Instruction based on <u>Rivas v. City of Passaic</u>, 365 F.3d 181, 193 (3d Cir. 2004)("[A] Section 1983 plaintiff must demonstrate that the defendant's actions were the proximate cause of the violation of his federally protected right").

## F.  QUALIFIED IMMUNITY

Even if you find that any defendant(s) violated plaintiff's federal or constitutional rights, and the plaintiff suffered damages proximately caused by any such violations, the defendant would be still entitled to a verdict in his favor if you find qualified immunity.

The defendants have raised the affirmative defense of qualified immunity. Because it is an affirmative defense, the defendants have the burden of proof as to that defense and that burden is by the preponderance of the evidence. Qualified immunity prevents any defendant(s) from being held liable for violations of federal or constitutional rights where a reasonable person could have believed that the actions that caused the federal or constitutional violations were lawful in light of existing law. In other words, even though there may be, in fact, a federal or constitutional violation, a defendant is entitled to qualified immunity unless you find that a reasonably competent corrections official if placed in the same position as he or she was, would reach the same conclusion as he or she did. Because corrections officials are regularly forced to make critical decisions under extreme time pressures, decisions which may seem much easier after the fact and time for reflection has been afforded, otherwise reasonable judgments which turn out to be mistaken are nonetheless entitled to protection. In short, even if a defendant's conduct is found to

14

violate plaintiff's federal or constitutional rights, a defendant is not liable if they acted solely from the mistake in judgment, and not knowingly with the intention of violating the plaintiff's federal or constitutional rights. Unless a reasonable corrections official in the position of one of the defendants, would have known that his or her action constituted a substantial burden on the plaintiff's free exercise of religion, he or she cannot be held liable because of qualified immunity.

Instruction based on <u>Saucier v. Katz</u>, 533 U.S. 194 (2001).

              Respectfully submitted,

              THOMAS W. CORBETT, JR.
              Attorney General

                s/ Scott A. Bradley

Office of Attorney General         Scott A. Bradley
6th Floor, Manor Complex        Senior Deputy Attorney General
564 Forbes Avenue             Attorney I.D. No. 44627
Pittsburgh, PA 15219
Phone: (412) 565-3586          Susan J. Forney
Fax:   (412) 565-3019          Chief Deputy Attorney General

Date:  October 2, 2008