IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDRÉ JACOBS,

          Plaintiff,

V.

PENNSYLVANIA DEPARTMENT OF

CORRECTIONS, et. al.,

          Defendants.

Civil Action No. 04-1366

Judge: Joy Flowers Conti

**FILED**

AUG 2 5 2009

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

PLAINTIFF'S STATEMENT OF FACTUAL QUESTIONS PRESENTED

TO THE JURY AT TRIAL

AS admitted by scott Bradley in opening statements to the Jury, " ..... there is not a whole lot of disagreement with what happened .... the dispute here lies in the motivation held by each defendant when they did what they did." ( See . T.T. November 4, 2008   p. 105.) " why " a person did something invokes a question of their state of mind. thus, through examining all the evidence at trial (and defendants' demeanors during testimony), the jury decided the following factual disputes:

whether defendant scire had a retalitory motive for

assigning defendant Giddens to investigate a grievance against himself, eventhough such an assignment was specifically prohibited by the prison policy;

whether defendant scire sought to advance a derivation of Plaintiff's federally protected rights by giving defendant Giddens an opportunity to officially exonerate himself of the Plaintiff's claims against him;

whether defendant mcconnell's decision to destroy (or not return) Plaintiff's legal property was motivated by a desire to punish Plaintiff for engaging in protected activity;

whether defendant mcconnell conspired with defendant Giddens to deprive Plaintiff of a federally protected right, or condoned such a plight;

whether defendants Giddens and mcconnell obstructed Plaintiff's pursuit of a non-frivolous legal claim and if Plaintiff suffered an actual injury as a result; and

whether defendant Giddens was acting within the scope of his duties for purposes of sovereign immunity

2

when he pursued a personal vendetta against plaintiff which was specifically against the purposes for which he was employed as a prison guard.

The plaintiff advanced his reasoning for why defendant's did what they did, and defendant's countered with denials, selective amnesia, elusive responses and lies. credibility determinations are for the jury alone and the jury credited plaintiff's version over theirs. The jury concluded that defendant's did engage in a conspiracy to deprive plaintiff of his right to access the courts and file grievances; with retulitory motivation. where there is evidence each way on the question submitted, the verdict cannot be set aside. See, Stewart V. Sixth Ave. R. Co., 45 F. 22 (c.c.s.o.N.Y 1891).

It would be an unwarranted interference by a court with the right under the 7th amendment to a trial by jury for this court to substitute its own judgement for that of the jury where there is substantial evidence in the record. see, Houlihan V. Turner Const. Co., 137 F.supp 88 (D.C.R.I 1956)

3

the 7th Amendment Provides:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved and no fact tried by a jury shall be otherwise reexamined in any court of the United States, than according to the rules of the common law."

WHEREFORE, this court should not impugn on the jury's fact-finding province by reexamining factual questions they already decided.

Respectfully submitted,

André Jacobs #DQ5437
SCI· Dallas
1000 Follies Rd.
Dallas, PA 18612

August , 20:9

4